IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| LEVI CHAPARRO,  §<br>　　Plaintiff, §<br>§<br>§<br>v. §<br>§   NO. 6:19-CV-50<br>§<br>CITY OF SAN ANGELO, §<br>CHRISTOPHER HERRINGTON, §<br>TANNER TUMLINSON, ABRAHAM §<br>FLORES, CHASE HILL, and ZAC §<br>VILLAREAL, Individually and in §<br>their official capacities as a Peace/ §<br>Police Officers for San Angelo Police §<br>Department, §<br>　　Defendants §| |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE JAMES WESLEY HENDRIX:

City of San Angelo, Christopher Herrington, Tanner Tumlinson, Abraham Flores, Chase Hill, and Zac Villareal, Individually and in Their Official Capacities as Peace/Police Officers for San Angelo Police Department, Defendants, answer Plaintiff's First Amended Complaint as follows:

### Matters Admitted or Denied

1. Admit Plaintiff makes the claims alleged in ¶ 1 of Plaintiff's First Amended Complaint, but deny Plaintiff is entitled to recover for any of those claims or to any relief.

2. Deny the allegations in ¶ 2 of Plaintiff's First Amended Complaint.

3. Admit Plaintiff was charged with assault on a public servant, pleaded guilty and was placed on probation. Defendants deny the remaining allegation in ¶ 3 of Plaintiff's First Amended Complaint.

4. Deny the allegations in ¶ 4 of Plaintiff's First Amended Complaint.

5. Admit this Court has subject matter jurisdiction as alleged in ¶ 5 of Plaintiff's First Amended Complaint.

6. Admit this Court has supplemental pendent jurisdiction under the state court claims in this case.

7. Admit venue is proper in this district and division.

8. Admit notice was sent as alleged.

9. Admit the party statement in ¶ 9 of Plaintiff's First Amended Complaint.

10. Admit the party statement in ¶ 10 of Plaintiff's First Amended Complaint.

11. Admit the party statement in ¶ 11 of Plaintiff's First Amended Complaint.

12. Deny the allegations in ¶ 12.

13. Admit the allegation in ¶ 13.

14. Deny the allegations in ¶ 14.

15. Admit Plaintiff and his wife were camping at Middle Concho Park in San Angelo. Deny the remaining allegations in ¶ 15.

16. Defendants lack knowledge or information sufficient to allow them to admit or deny the allegations in ¶ 16.

17. Defendants lack knowledge or information sufficient to allow them to admit or deny the allegations in ¶ 17.

18. Defendants lack knowledge or information sufficient to allow them to admit or deny the allegations in ¶ 18.

19. Defendants lack knowledge or information sufficient to allow them to admit or deny the allegations in ¶ 19.

20. Admit Officer Tumlinson contacted Plaintiff as to his driving. Deny the remaining allegations in ¶ 20.

21. Deny the allegations in ¶ 21.

22. Deny the allegations in ¶ 22.

23. Deny the allegations in ¶ 23.

24. Deny the allegations in ¶ 24.

25. Deny the allegations in ¶ 25.

26. Admit Plaintiff's legs had to be further restrained with a RIPP-tie to prevent him from kicking and assaulting the officers at the scene, and from doing damage with his legs and feet to the patrol vehicles in which he was placed. Deny the remaining allegations in ¶ 26.

27. Admit Plaintiff was transported to the Tom Green County Jail and was booked into the jail. Deny the remaining allegations in ¶ 27.

28. Admit Plaintiff requested medical treatment at the jail and he was transported to Shannon Medical Center for treatment. Deny the remaining allegations in ¶ 28.

29. Admit Plaintiff wanted to send a message to Officer Tumlinson, the arresting officer, that Officer Herrington took a recorded video statement by Plaintiff on Tumlinson's phone and forwarded it to Tumlinson. Deny the remaining allegations in ¶ 29.

30. Admit Plaintiff was returned to jail. Deny the remaining allegations in ¶ 30.

31. Deny the allegations in ¶ 31.

32. Deny the allegations in ¶ 32.

33. Deny the allegations in ¶ 33.

34. Deny the allegations in ¶ 34.

35. Deny the allegations in ¶ 35.

36. Deny the allegations in ¶ 36.

37. Deny the allegations in ¶ 37.

38. Deny the allegations in ¶ 38.

39. Deny the allegations in ¶ 39.

40. Deny the allegations in ¶ 40.

41. Deny the allegations in ¶ 41.

42. Deny the allegations in ¶ 42.

43. Deny the allegations in ¶ 43.

44. Deny the allegations in ¶ 44.

45. Deny the allegations in ¶ 45.

46. Deny the allegations in ¶ 46.

47. Deny the allegations in ¶ 47.

48. Deny the allegations in ¶ 48.

49. Deny the allegations in ¶ 49.

50. Deny the allegations in ¶ 50.

51. Deny the allegations in ¶ 51.

52. Deny the allegations in ¶ 52.

53. Paragraph 53 does not require an admission or denial.

54. Paragraph 54 does not require an admission or denial.

55. Deny the allegations in ¶ 55.

56. Paragraph 56 does not require an admission or denial.

57. The demand for a jury trial does not require an admission or a denial.

58. Paragraph 58 does not require an admission or denial.

59. Paragraph 59 does not require an admission or denial.

60. The Prayer does not require an admission or denial, but Defendants deny Plaintiff is entitled to any of the relief requested.

## Affirmative Matters or Defenses

61. Individual Defendants plead this suit is barred as to them because they are entitled to qualified immunity.

62. The claims against all Defendants are barred under the doctrine of *Heck v. Humphrey*.

63. There has been no violation of Plaintiff's constitutional rights.

64. To the extent Plaintiff is asserting state court claims of negligence, gross negligence or assault against Defendants, such claims are barred under the doctrine of governmental immunity and the provisions of the Texas Tort Claims Act.

65. A custom, policy or practice of the City of San Angelo was not a producing cause of any alleged violation of Plaintiff's constitutional rights.

66. The alleged damages or injuries of Plaintiff were not the result of the events alleged in this case but were the result of a pre-existing condition of Plaintiff.

67. Plaintiff has failed to mitigate his damages.

68. Punitive damages are not recoverable against Defendants for either federal or state causes of action.

69. Defendants plead the requirements and limitations of any applicable damage caps.

Respectfully submitted,

JACKSON WALKER L.L.P.
136 W. Twohig, Suite B
San Angelo, Texas  76903
(325) 481-2560
(325) 481-2585 - Facsimile


By: /s/ Jon Mark Hogg
    Jon Mark Hogg
    jmhogg@jw.com
    State Bar No. 00784286
    Amanda N. Crouch
    acrouch@jw.com
    State Bar No. 24077401

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.

/s/ Jon Mark Hogg
Jon Mark Hogg